

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00294-CV

———————————————

ANGELIA SMITH AND KELVIN SMITH, Appellants

V.

PETER EDWARD GRAYS, M.D., Appellee

---

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 24-0625-467

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Pro se Appellants Angelia Smith and Kelvin Smith sued Dr. Peter Edward Grays, M.D. for damages allegedly arising out of a hernia surgery that Dr. Grays performed on Kelvin. When the Smiths did not file an expert report under Section 74.351 of the Texas Civil Practice and Remedies Code, Dr. Grays moved to dismiss the Smiths' lawsuit and requested his attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351.

The trial court granted Dr. Grays's motion in an order that read:

> CAME ON FOR CONSIDERATION Defendant Peter Edward Grays, M.D.'s Motion to Dismiss. The Court, having considered the Motion, is of the opinion that the Motion should be **GRANTED**, pursuant to Tex[as] Civ[il] Practice & Remedies Code Sec[tion] 74.351(a) & (b).

> It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant Peter Edward Grays, M.D.'s Motion to Dismiss is hereby **GRANTED**. Plaintiffs Kelvin Smith and Angelia Smith take[] nothing, and judg[]ment is entered for Defendant Peter Edward Grays, M.D. All claims brought by Kelvin Smith and Angelia Smith are dismissed with prejudice against their refiling.

This order does not state that it is final and appealable and does not indicate that the trial court awarded Dr. Grays his reasonable attorney's fees as is required under Section 74.351. *See id.* But the Smiths attempt to appeal it.

Although neither party has raised the question of our jurisdiction, we must consider it sua sponte when it seems in doubt. *See Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 71 (Tex. 2021). After reviewing the record, we wrote to the

Smiths to express our concern that we lacked jurisdiction over this appeal because it appeared that the trial court's order granting the dismissal motion was neither a final judgment nor an appealable interlocutory order. We warned that unless they or any other party desiring to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

Only the Smiths have responded, citing to a nonexistent case ("*In re Estate of Agee*"[1]) and asserting that the trial court's "failure to dispose of attorney's fees does not deprive [this court] of jurisdiction." This is incorrect.

Our appellate jurisdiction is limited to appeals from final judgments and from interlocutory orders made appealable by statute. *See Britton v. Azzouz*, No. 02-24-00206-CV, 2024 WL 3365246, at *1 (Tex. App.—Fort Worth July 11, 2024, no pet.) (mem. op.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); then citing Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders)). When, as here, there was no conventional trial on the merits, we cannot presume that an order or judgment is final. *See id.* (citing *Lehmann*, 39 S.W.3d at 199–200). In such cases, an order or judgment is

---

[1] The citation the Smiths provided—313 S.W.3d 785 (Tex. App.—Houston [14th Dist.] 2010, no pet.)—is for a case from Tennessee, and we have found no relevant case from Texas with the party name "Agee." *See Lamar Advert. Co. v. By-Pass Partners*, 313 S.W.3d 779, 785 (Tenn. Ct. App. 2009).

final and appealable if it actually disposes of all claims and all parties or if it "clearly and unequivocally" states that it does. *Id.* (quoting *Lehmann*, 39 S.W.3d at 205; then citing *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding)).

A phrase such as "[t]his judgment finally disposes of all parties and all claims and is appealable" clearly and unequivocally finally disposes of a case. *Id.* (quoting *Lehmann*, 39 S.W.3d at 206). But the order here lacks such language, *see Lehmann*, 39 S.W.3d at 206, so we must examine the record to determine whether the order is final, *see Elizondo*, 544 S.W.3d at 827–28.

After reviewing the record, we have determined that the trial court did not dispose of Dr. Grays's request for the statutorily mandated attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1) (requiring, on a defendant physician's motion, an award of reasonable attorney's fees when an expert report is not filed); *see also E.D. ex rel. B.O. v. Tex. Health Care, P.L.L.C.*, 644 S.W.3d 660, 664 (Tex. 2022) ("[T]he trial court must dismiss the suit with prejudice and award reasonable attorney's fees and costs to the affected defendant."). "[W]hen a party seeking fees in connection with its claim meets the requirements of a mandatory fee-shifting statute, a trial court must expressly dispose of the fee request to achieve finality." *Sealy Emerg. Room, L.L.C. v. Free Standing Emerg. Room Mgrs. Of America, L.L.C.*, 685 S.W.3d 816, 825 (Tex. 2024).

Because the trial court did not dispose of Dr. Grays's request for attorney's fees, it remains pending in the trial court, and the dismissal order is neither final nor

4

appealable.[2] *See Britton*, 2024 WL 3365246, at *1–2; *Hartwig v. Neurological Fitness & Recovery Facilities II, LLC*, No. 03-24-00300-CV, 2024 WL 3056629, at *1 (Tex. App.—Austin June 19, 2024, no pet.) (mem. op.) (dismissing for want of jurisdiction appeal from order granting Section 74.351(b) dismissal motion after appellant confirmed that no final judgment had been entered and that defendants' motion for attorney's fees remained pending in the trial court). We therefore dismiss this appeal for want of jurisdiction.[3] *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  July 3, 2025

---

[2]We observe that the district clerk sent a Rule 306a notice letter to the Smiths stating that the dismissal order was an "appealable order." But our jurisdictional analysis is not determined by the district clerk's letter when the trial court's order and the record show that Dr. Grays's claim for attorney's fees remains pending in the trial court. *See* Tex. R. Civ. P. 306a(3) (stating that Rule 306a applies when "the final judgment or other appealable order is signed").

[3]Because we dismiss for want of jurisdiction, we do not reach the Smiths' appellate arguments. *See* Tex. R. App. P. 47.1.